**IRA S. BUSHEY & SONS, INC., Libelant-Appellant,**

v.

**DALZELLEADER, INC., Respondent-Appellee.**

**No. 193, Docket 27087.**

United States Court of Appeals
Second Circuit.

Submitted Jan. 7, 1963.

Decided Jan. 21, 1963.

Foley & Martin, New York City (John H. Hanrahan and James S. Reardon, New York City, of counsel), for libelant-appellant.

Burlingham, Underwood, Barron, Wright & White, New York City (Stanley R. Wright and John S. Rogers, New York City, of counsel), for respondent-appellee.

Before CLARK, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM.

Appellant had custody as bailee of the United States naval destroyer escort *Herbert C. Jones* at Gowanus Creek, New York Harbor, where the *Jones* was undergoing extensive overhaul. On February 25, 1958, appellee's tugboats shifted the *Jones* out of drydock and towed her to a nearby pier. Appellant claims that in the course of this maneuver, appellee negligently towed the *Jones* over and against a rocky bottom, resulting in damage to her hull and propeller.

The burden of proof that damage to the *Jones* was sustained on February 25, 1958 was, of course, on the libelant. There was persuasive evidence that there was no rock or stony material under water in the area of the alleged accident against which the *Jones* could have scraped. The testimony of witnesses at the scene where the accident was supposed to have occurred was conflicting. Neither the pilot nor disinterested Naval personnel aboard the *Jones* felt any bumping or scraping. Of course, the trial judge could disbelieve the contrary assertions of appellant's witnesses.

The conclusion of the trial court that the appellant had failed to show that the damage was sustained as alleged was not clearly erroneous, and must, accordingly, be affirmed. McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 99 L.Ed. 20 (1954); see Fed.R.Civ.P. 52(a).

Affirmed.